**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

AF SPACE COMMAND/3,[1]
    Appellants,

   v.

DEPARTMENT OF THE AIR FORCE,
    Agency.

DOCKET NUMBER
SF-0752-14-0659-I-1

DATE: December 1, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Robert A. Borich, Jr., Redondo Beach, California, for the appellants.

Jeremiah Crowley, Avis McAllister, Esquire, and Jason A. VanWagner,
Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellants have filed a petition for review of the initial decision, which affirmed the agency's furlough actions. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] The appellants that are included in this consolidation are set forth in Appendix A of this order.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioners have not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this final order to address the appellants' arguments made below that the administrative judge did not address, we AFFIRM the initial decision.

## BACKGROUND

¶2        On June 3, 2013, the agency proposed to furlough the appellants for no more than 11 workdays based on the "extraordinary and serious budgetary challenges facing the Department of Defense . . . for the remainder of Fiscal Year . . . 2013, the most serious of which is the sequester than began on March 1, 2013."  *Borich v. Department of the Air Force*, MSPB Docket No. SF-0752-13-0933-I-1, Initial Appeal File (Borich IAF), Tab 5 at 14-15; *McClure v. Department of the Air Force*, MSPB Docket No. SF-0752-13-2619-I-1, Initial Appeal File (McClure IAF), Tab 3 at 15-16; *Pink v. Department of the Air Force*, MSPB Docket No. SF-0752-13-4691-I-1, Initial Appeal File (Pink IAF), Tab 2 at 13-14.  The appellants did not respond orally or in writing to the proposed furlough notices.  Borich IAF, Tab 5 at 4; McClure IAF, Tab 3 at 4; Pink IAF, Tab 2 at 4.  Through written notices dated June 24, 2013, the deciding official notified the appellants that they would be furloughed as outlined in the proposal notices.  Borich IAF, Tab 5 at 11-13; McClure IAF, Tab 3 at 12-14; Pink IAF,

Tab 2 at 10-12. The agency later reduced the duration of each furlough from 11 days to 6 days. *AF Space Command v. Department of the Air Force*, MSPB Docket No. SF-0752-14-0283-I-1, Consolidation Appeal File (0283-I-1 CAF), Tab 8 at 26-27. The appellants were each furloughed on 6 nonconsecutive days. Borich IAF, Tab 5 at 4-8; McClure IAF, Tab 3 at 4-8; Pink IAF, Tab 2 at 4-8; *see* 0283-I-1 CAF, Tab 8 at 14 (declaration stating that the code "KE" on the time and attendance records denotes time furloughed).

¶3    The appellants filed individual appeals of the furloughs. Borich IAF, Tab 1; McClure IAF, Tab 1; Pink IAF, Tab 1. Their appeals first were consolidated with the appeals of similarly situated employees, 0283-I-1 CAF, Tab 2, and then severed from the larger consolidation and consolidated in this current appeal, *AF Space Command/3 v. Department of the Air Force*, MSPB Docket No. SF-0752-14-0659-I-1, Consolidation Appeal File (0659-I-1 CAF), Tab 2.

¶4    After holding a hearing, the administrative judge issued an initial decision affirming the agency's furlough actions. 0659-I-1 CAF, Tab 8, Initial Decision (ID) at 1, 7. He found that the agency proved the factual basis for the furloughs and showed that it was a reasonable management solution to the financial restrictions placed on it. ID at 4. He further found that the agency determined which employees to furlough in a fair and even manner. *Id.* He then concluded that the agency proved by a preponderance of the evidence that the furloughs promoted the efficiency of the service. ID at 6. Next, he found that the appellants did not establish a violation of due process or harmful procedural error. ID at 7. Finally, he found that the appellants' arguments that the furloughs hurt morale and the agency wasted money on other projects were beyond the scope of the Board's review. *Id.*

¶5    The appellants designated Mr. Borich as their representative, who filed a petition for review on their behalf. *AF Space Command/3 v. Department of the Air Force*, MSPB Docket No. SF-0752-14-0659-I-1, Petition for Review (PFR)

File, Tabs 1, 3.  The agency has filed a response in opposition to the appellants' petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency furloughed the appellants for "cause" under 5 U.S.C. § 7513(a).

¶6      In the petition for review, the appellants reiterate their arguments below contesting the merits of the furloughs.  *Compare* PFR File, Tab 1, *with* Borich IAF, Tab 16.  They first argue that the agency did not prove that it furloughed them for "cause" because the agency's reason for the furloughs, as stated in the proposal notices and decision letters, was inaccurate and not valid.  PFR File, Tab 1 at 19-20.

¶7      An agency may furlough an employee for 30 days or less "only for such cause as will promote the efficiency of the service."  5 U.S.C. §§ 7512(5), 7513(a).  Before the Board reaches the issue of whether an action promotes the efficiency of the service, however, an agency must first establish that there is "cause" under 5 U.S.C. § 7513(a).  *Dye v. Department of the Army*, 121 M.S.P.R. 142, ¶ 9 (2014).  The agency's burden to show "cause" for a furlough encompasses whether the appellant met the criteria established by the agency for being subject to, and not excepted from, the furlough.  *Id.*  Here, the administrative judge correctly found that the agency met its burden of proof to show "cause" by preponderant evidence.[3]  ID at 2-3.

¶8      On May 14, 2013, the Secretary of Defense directed defense managers to furlough most civilian employees of the Department of Defense (DOD) unless they met the criteria for one of the limited exceptions.[4]  Department of the Air Force Administrative Record for FY 2013 Furlough Appeals (AR), Part 3, Tab 33

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[4] The initial decision and the parties also refer to the categorical exceptions delineated in the Secretary of Defense's memorandum as "exemptions."

at 349-60, *available at* http://www.mspb.gov/furloughappeals/airforce2013.htm. The furloughs were implemented broadly and impacted approximately 650,000 (or about 85%) of the DOD's approximately 767,000 civilian employees paid directly by DOD funds. 0283-I-1 CAF, Tab 8 at 21-22. The Secretary of Defense later reduced the duration of the directed furloughs from 11 days to 6 days and stated that "all civilian employees, unless exempted from furloughs or government by special rules, must complete six days (48 hours) of furloughs." *Id.* at 26. The appellants do not argue that they qualified for one of the limited exceptions, and we find that the deciding official properly determined that they did not fall within an exception. Therefore, we find that the agency proved that "cause" existed to furlough the appellants because they met the criteria for being subject to the furloughs as civilian employees of the DOD.

The furloughs promoted the efficiency of the service.

¶9          The appellants next argue that the furloughs did not promote the efficiency of the service. PFR File, Tab 1 at 17-18. An agency meets its burden of proving that a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently just as it is required to apply a reduction in force. *Id.* This does not mean that the agency is required to apply the furlough in such a way as to satisfy the Board's sense of equity. *Id.* Rather, it means that the agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons. *Id.*

*The furloughs were a reasonable management solution to the financial restrictions placed on the agency.*

¶10     We agree with the administrative judge's finding that the furloughs were a reasonable management solution to the DOD's financial restrictions caused by sequestration.  ID at 3-4.  The record evidence establishes that the DOD faced a budgetary shortfall of about $11 billion in May 2013, and that it estimated that civilian employee furloughs of 11 days would have saved about $2 billion.  0283-I-1 CAF, Tab 8 at 21-22, 26.  The appellants argue that the furloughs were not a reasonable management solution because their Research, Development, Test, and Evaluation (RDT&E) salary accounts were fully funded and the agency failed to adequately prepare for sequestration by terminating and descoping contracts.  PFR File, Tab 1 at 5-9, 11, 14-15, 18-19, 22.  We find no basis to disturb the administrative judge's findings that the DOD could transfer funds and anticipated correctly that Congress would allow it to reprogram other appropriations across the military departments to mitigate sequestration's adverse effects.  ID at 3-4; AR, Part 3, Tab 1 at 350; *see Einboden v. Department of the Navy*, No. 2015-3117, 2015 WL 5730370, at *2-4 (Fed. Cir. Oct. 1, 2015) (affirming the Board's finding that it was reasonable, in the context of an agency-wide furlough, for the DOD to consider its budget situation holistically, rather than isolating the situation to each organization or component, and for the DOD to determine that savings from the furlough of certain employees could have been used to address other higher-priority budgetary needs).  Further, the appellants have not offered any new and material evidence or argument to disturb these findings.  *See* 5 C.F.R. § 1201.115(d).

¶11     The appellants cite *Schroeder v. Department of Transportation*, 60 M.S.P.R. 566, 570 (1994), for the proposition that, "where an agency shows it acted for a permissible reason, [the] Board lacks the authority to review the management considerations underlying the exercise of broad agency discretion to avoid a budget deficit."  PFR File, Tab 1 at 18.  They argue that this proposition means

that, "where an agency does **not** show it acted for a permissible reason, then the Board **does have** the authority to review the management considerations." *Id.* at 18-19 (emphasis in original). The appellants made this argument below, but the administrative judge did not discuss it. Borich IAF, Tab 16 at 14. We modify the initial decision to address this argument. We find that the cited legal proposition in *Schroeder* does not confer the meaning alleged by the appellants. Further, the administrative judge correctly found that the agency proved that it acted for a permissible reason. ID at 3-4.

¶12 Finally, the appellants argue that it was not efficient to furlough civilian employees when government contractors were not furloughed because government contractors were not able to be productive without the furloughed employees. PFR File, Tab 1 at 8, 11, 18. The appellants made a similar argument below that the administrative judge did not discuss. Borich IAF, Tab 16 at 8, 13-14. We modify the initial decision to address this argument. The law does not require that the agency show that its action best promotes the efficiency of the service, only that its action promotes the efficiency of the service. *Chandler*, 120 M.S.P.R. 163, ¶¶ 28, 36; *see* 5 U.S.C. § 7513(a). Also, it is not the Board's role to second guess the agency's selection among reasonable responses to its financial situation. *See Einboden*, 2015 WL 5730370, at *3. We therefore find that the appellants have not provided a reason to disturb the administrative judge's finding that the furloughs were a reasonable management solution to the DOD's financial restrictions.

> *The agency applied its determination as to which employees to furlough in a fair and even manner.*

¶13 We also agree with the administrative judge's finding that the agency applied its determination as to which employees to furlough in a fair and even manner. ID at 4-6. The appellants argue that the furloughs were not implemented in a fair and even manner because employees paid from both Operations and Maintenance (O&M) and RDT&E funds were furloughed where only the O&M

funds experienced a shortfall. PFR File, Tab 1 at 9-10, 15-16, 19-22. Specifically, they argue that, because the two categories of employees were not similarly situated, the agency should have treated them differently. *Id.* at 15-16. The administrative judge did not discuss this argument made below, and we modify the initial decision to address it. Borich IAF, Tab 16 at 11-12, 15, 17. We find that the requirement for an agency to treat similar employees similarly does not mandate that the agency must treat different employees differently. *See Chandler*, 120 M.S.P.R. 163, ¶ 8. The appellants further claim that the agency did not implement the furloughs fairly and evenly because government contractors were not furloughed. PFR File, Tab 1 at 9, 20-22. We similarly modify the initial decision to address this argument made below. Borich IAF, Tab 16 at 6, 17. As stipulated in the Secretary of Defense's memorandum, the furlough only applied to civilian employees of the DOD and therefore not to government contractors. AR, Part 3, Tab 33 at 349. Accordingly, we find that the appellants are not similarly situated to government contractors. Moreover, the Board does not review an agency's spending decisions, including whether it could have avoided the need for furloughs by manipulating its budget in a different manner, such as by "furloughing" government contractors. *See Chandler*, 120 M.S.P.R. 163, ¶ 9.

¶14    Finally, we modify the initial decision to address the appellants' argument made below that the furloughs were a disparate penalty. PFR File, Tab 1 at 20-21; Borich, IAF, Tab 16 at 16. The Board has held that furloughs are not disciplinary in nature and therefore the *Douglas* factors[5] are not applicable to an agency's decision in a furlough appeal. *Chandler*, 120 M.S.P.R. 163, ¶ 31. Also,

---

[5] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the penalty to be imposed for an act of misconduct, 1 of which is the consistency of the penalty with those imposed upon other employees for the same or similar offenses.

the appellants have not established that they were treated more harshly than any similarly situated employees.  *Id.*, ¶ 8.

¶15      For these reasons, we agree with the administrative judge's finding that the agency proved that the furloughs promoted the efficiency of the service.  ID at 6.

The agency provided the appellants with the required due process.

¶16      The appellants reassert their argument that the agency denied them due process because the deciding official lacked any independent decision-making authority.  PFR File, Tab 1 at 5, 8.  The administrative judge cited to the deciding official's testimony in finding that he had the authority to determine if the appellants fell within a preexisting exemption.  ID at 6; 0659-I-1 CAF, Tab 4, Hearing Compact Disc (HCD) (00:08:55-00:09:23).  To the extent that the appellants are arguing that the testimony of Colonel J.B., the Comptroller of the Space and Missile Systems Center, contradicts the deciding official's testimony, we do not agree.  PFR File, Tab 1 at 5, 8.  Colonel J.B. testified that General W.S., the Commander of the Air Force Space Command (AFSPC), issued a memorandum directing the furlough of all civilian employees within AFSPC unless they fell within an exemption, and that the deciding officials therefore did not have the discretion to make an independent decision.  HCD (01:42:29-01:43:07).  However, Colonel J.B.'s testimony does not contradict the deciding official's testimony because they both support the proposition that the deciding official had the authority to determine whether the appellants met the criteria for an exception.  Thus, we find that the appellants have failed to provide a reason to disturb the administrative judge's finding that the deciding official possessed sufficient decision-making authority to satisfy the appellant's due process rights.  ID at 6-7; *see Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 7 (2015) (finding that the deciding official possessed sufficient decision-making authority in the context of the agency-wide furlough to satisfy the appellant's right to due process); *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶¶ 20-23, 25 (2014) (finding that the procedures used by

the agency did not deprive the appellant of constitutional due process even where the deciding official's discretion to invoke alternatives to the furlough was limited).

¶17    The appellants also claim that the agency violated their due process rights by not including General W.S.'s memorandum in the administrative record. PFR File, Tab 1 at 10, 14. The appellants made a similar argument below, but the administrative judge did not discuss it. Borich IAF, Tab 16 at 7, 11. We modify the initial decision to address this argument. The administrative judge found that the agency provided the appellants with notice sufficient to satisfy their due process rights in their furlough proposal letters, which informed them how to view the agency's supporting material.  ID at 6-7; Borich IAF, Tab 5 at 15; McClure IAF, Tab 3 at 16; Pink IAF, Tab 2 at 14. The deciding official testified that he did not consider any documents outside of the administrative record when deciding to furlough the appellants, HCD (00:08:25-00:08:32), and the administrative judge credited the deciding official's testimony throughout the initial decision, ID at 3-4, 6. We find that the appellants have not provided a reason to disturb the administrative judge's finding that the appellants received constitutionally sufficient notice.  Accordingly, the agency afforded the appellants minimum due process. *See Gajdos*, 121 M.S.P.R. 361, ¶¶ 17-25.

The agency did not commit harmful procedural error in processing the appellants' furloughs.

¶18    Although we have found no due process violation, we still must consider whether the agency committed harmful procedural error. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1378 (Fed. Cir. 1999); *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 9 (2015). A harmful procedural error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Pumphrey*, 122 M.S.P.R. 186, ¶ 10; 5 C.F.R. § 1201.4(r). An agency is required to follow its own rules in

effecting an adverse action, regardless of whether those rules go beyond the requirements of government-wide statutes and regulations. *Rodgers*, 122 M.S.P.R. 559, ¶ 10.

¶19 We agree with the administrative judge's finding that the appellants did not prove that the agency committed a harmful procedural error in imposing the furloughs. ID at 6-7. We find that the agency complied with the Office of Personnel Management's procedures under 5 C.F.R. § 752.404 for implementing an adverse action. Borich IAF, Tab 5 at 11-15; McClure IAF, Tab 3 at 12-16; Pink IAF, Tab 2 at 10-14.

¶20 The appellants reiterate their argument that the agency committed a harmful procedural error by not including General W.S.'s memorandum in the administrative record. PFR File, Tab 1 at 10, 14; Borich IAF, Tab 16 at 7, 11, 12. The administrative judge did not discuss this argument, and we modify the initial decision to address it. We find that the appellants have not shown that the memorandum's omission from the administrative record prejudiced their appeals because they were informed of how to view the agency's supporting material in their proposed furlough notices, Borich IAF, Tab 5 at 15; McClure IAF, Tab 3 at 16; Pink IAF, Tab 2 at 14, and the deciding official testified that he did not consider any documents outside of the administrative record when deciding to furlough the appellants, HCD (00:08:25-00:08:32). The administrative judge credited the deciding official's testimony throughout the initial decision. ID at 3-4, 6. Further, Colonel J.B.'s testimony regarding the content of General W.S.'s memorandum, taken as true, would not alter the Board's finding that the deciding official had constitutionally sufficient decision-making authority. *Supra* ¶ 16.

¶21 We modify the initial decision to address the appellants' argument made below that the agency violated Congressional requirements. PFR File, Tab 1 at 5-7, 14-15, 19; Borich IAF, Tab 16 at 5, 10-11, 15. Because the appellants

have not identified a specific procedure the agency has violated, we find that they have not established a harmful procedural error.

¶22    The appellants further allege that the agency committed harmful procedural errors by "ignoring" the Secretary of Defense's memorandum dated May 14, 2013. PFR File, Tab 1 at 19; AR, Part 3, Tab 33 at 349-60. The appellants made similar arguments below that the administrative judge did not discuss. Borich IAF, Tab 16 at 11, 14-15, 17-18. We modify the initial decision to supplement the administrative judge's harmful procedural error analysis by addressing these arguments.

¶23    First, the appellants argue that the agency failed to monitor its funding and comply with the Secretary of Defense's expressed preference to end furloughs early because the agency still furloughed employees paid through fully funded RDT&E accounts. PFR File, Tab 1 at 6, 8; AR, Part 3, Tab 33 at 351. We find that the agency did monitor its funding, but appropriately considered its budget situation holistically when determining to furlough employees paid through RDT&E funds to capture savings to address other higher-priority budgetary needs. ID at 3-4; *see Einboden*, 2015 WL 5730370, at *2-4.

¶24    The appellants next argue that the agency should have minimized adverse mission effects and limited the harm to morale and productivity in accordance with the Secretary of Defense's memorandum. PFR File, Tab 1 at 8, 18; AR, Part 3, Tab 33 at 351. Even assuming that the agency erred, the appellants have not proven that the agency would have reached a different conclusion had it limited harm to morale and productivity because the Secretary of Defense already had directed the furlough of all civilian employees with only limited exceptions. AR, Part 3, Tab 33 at 350-51. Also, the appellants have not alleged that they fell within one of those limited exceptions to the agency-wide furlough.

¶25    Finally, the appellants allege that an attachment to the Secretary of Defense's memorandum gave deciding officials the authority to grant an individual employee an exception from the furlough altogether and that their

deciding official should have exercised this authority to grant them an exception. PFR File, Tab 1 at 5; AR, Part 3, Tab 33 at 353. We find that this authority to grant an exception is qualified by the Secretary of Defense's clear instruction that there were only limited exceptions to the agency-wide furlough and subsequent description of such exceptions. AR, Part 3, Tab 33 at 349-60. We also find that the deciding official properly determined that the appellants did not qualify for one of the limited exceptions.

¶26 For these reasons, we find that the appellants have failed to prove a harmful procedural error.

<u>The appellants have not identified an adjudicatory error that would warrant a different outcome.</u>

¶27 The appellants reassert that they were not provided with a copy of the hearing recording as requested. PFR File, Tab 1 at 4; Borich IAF, Tab 16 at 4. The Board's regulations provide that parties may obtain copies of a hearing recording by making a written request to the adjudicating regional or field office, or to the Clerk of the Board's office. <u>5 C.F.R. § 1201.53</u>(c). However, even assuming that the appellants' allegation is true, having thoroughly reviewed the record, including the hearing recording, we find that the appellants have not shown that their substantive rights were adversely affected by not obtaining a copy of the hearing recording.

¶28 The appellants also claim that the administrative judge abused his discretion, denied them due process, and demonstrated bias by interrupting Mr. McClure's direct examination of Mr. Pink during the hearing. PFR File, Tab 1 at 4; *see* HCD (02:33:50-03:16:30). During the hearing, the administrative judge stated that he did not need to hear examples of the limited abilities of contractors to work for the government in comparison to those of furloughed employees, HCD (03:03:00-03:03:22), and told Mr. McClure to either wrap up his direct examination of Mr. Pink or move on to a new line of questioning, HCD (03:04:30-03:06:53). An administrative judge has broad discretion to regulate the

course of the hearing and exclude witnesses where it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); 5 C.F.R. § 1201.41(b)(6), (8), (10). Having reviewed the hearing recording, we find no abuse of discretion in the manner in which the administrative judge conducted the hearing. We further find that the administrative judge's limited interference with Mr. McClure's examination of Mr. Pink did not deprive the appellants of due process.

¶29    Additionally, we find that the administrative judge did not demonstrate bias in the manner in which he conducted the hearing. PFR File, Tab 1 at 4. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The appellants' conclusory allegation of bias is insufficient to rebut this presumption.

¶30    Next, the appellants contest the administrative judge's finding that the issues of low employee morale and wasteful agency spending were beyond the scope of the Board's review. PFR File, Tab 1 at 18; ID at 7. As explained above, the agency did not commit a harmful procedural error by "ignoring" the Secretary of Defense's memorandum directing the agency to monitor funding closely and limit harm to morale and productivity. *Supra* ¶¶ 22-25; AR, Part 3, Tab 33 at 351. The appellants have failed to provide new and material evidence or legal argument on review, and we find no basis to disturb the administrative judge's finding. *See* 5 C.F.R. § 1201.115(d).

¶31    Finally, to the extent that the appellants are alleging a violation of the Administrative Procedure Act, we will not address such an argument because they failed to raise it below. PFR File, Tab 1 at 5; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a

showing that it is based on new and material evidence not previously available despite the party's due diligence); 5 C.F.R. § 1201.115(d).

¶32        After considering the appellants' arguments on review, we find that the administrative judge properly affirmed the agency's furlough actions.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional        information        is        available        at        the        court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                       _____
                                     William D. Spencer
                                     Clerk of the Board

Washington, D.C.

APPENDIX A

AF SPACE COMMAND/3
SF-0752-14-0659-I-1

Gregory H. McClure                    SF-0752-13-2619-I-1

Robert A. Borich                      SF-0752-13-0933-I-1

Timothy Pink                          SF-0752-13-4691-I-1